# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUHEE BOYD,

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
DC-3443-15-0979-I-1

DATE: January 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrick Boyd, Rome, New York, for the appellant.

Michael J. McHugh, Esquire, Fort Bragg, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her reduction-in-pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶1      Effective July 14, 2014, the agency appointed the appellant to the position of Financial Management Specialist in the competitive service, subject to the completion of a 1-year probationary period.  Initial Appeal File (IAF), Tab 1 at 9-10.  On April 7, 2015, during her probationary period, the agency retroactively corrected her rate of basic pay from a GS-11, step 7, to a GS-11, step 1, resulting in a reduction in pay.  *Id.* at 11-12; IAF, Tab 7 at 10-11.  The appellant subsequently filed a Board appeal and requested a hearing.  IAF, Tab 1 at 1-7.  In addition to disputing the merits of the agency's action, she also asserted a claim of national origin discrimination.  *Id.* at 6.  The administrative judge issued an order to show cause informing the appellant that the Board may not have jurisdiction over her appeal and apprising her of the burden of proving that she was an "employee" under 5 U.S.C. § 7511(a)(1)(A) with chapter 75 appeal rights.  IAF, Tab 3 at 1-2.  The administrative judge ordered the appellant to file evidence and argument on the jurisdictional issue.  *Id.* at 2.  With her response, the appellant submitted evidence of her prior appointments in the excepted service under the Korean General Schedule (KGS) pay plan.  IAF, Tab 4

at 8-12. Her submissions indicate that her most recent prior appointment to a KGS-11, step 7, Staff Accountant position in the excepted service ended on January 25, 2014. *Id.* at 8, 11.

¶2 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 5-6. The administrative judge concluded that the appellant failed to make a nonfrivolous allegation of jurisdiction and therefore was not entitled to a hearing. ID at 5. Specifically, the administrative judge found that the appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i) because it was undisputed that she was serving a probationary period under an initial appointment in the competitive service when the agency took its action. ID at 4. The administrative judge also found that the appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) because she had a break in service and therefore had not completed 1 year of current continuous service at the time of the agency's action. *Id.* Finally, the administrative judge found that the Board lacks the jurisdiction to hear the appellant's claim of national origin discrimination absent an otherwise appealable action.[2] ID at 5.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.[3]

---

[2] The appellant does not challenge this well-reasoned finding on review, and we see no reason to disturb it here. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

[3] The appellant's pleading is titled, "Cross Petition for Review." A cross petition for review is a pleading that is filed by a party when another party already has filed a timely petition for review. 5 C.F.R. § 1201.114(a)(2). Because the appellant is the party that filed a petition for review, she also cannot file a cross petition for review, and we instead have considered her pleading to be a reply to the agency's response. *See* 5 C.F.R. § 1201.114(a)(4).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[4] 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation[5] of Board jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally has jurisdiction to review a reduction in grade or pay under chapter 75 of title 5. 5 U.S.C. §§ 7512(4), 7513(d); *Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 5 (2014). To establish Board jurisdiction under chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, like the appellant, this means that she either must not be serving a probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Walker*, 119 M.S.P.R. 391, ¶ 5.

¶6 An appellant who has not served a full year under her appointment can show that she has completed the probationary period, and so is no longer a probationer, by tacking on prior service if the prior service was: (1) performed in the same agency; (2) performed in the same line of work; and (3) completed with

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

no more than one break in service of less than 30 days. 5 C.F.R. § 315.802(b); *see Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010) (stating the same rule with the additional requirement that the service immediately precede the probationary appointment, a requirement that no longer appears in the regulation). Alternatively, an employee can show that, while she may be a probationer, she is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, she had completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9.

¶7        Here, it is undisputed that the appellant resigned from an excepted-service position on January 25, 2014. IAF, Tab 4 at 11. Although prior service in the excepted service may be counted toward the completion of a probationary period in the competitive service, *Hurston*, 113 M.S.P.R. 34, ¶ 10, the appellant still could not satisfy the requirements for tacking service, *see id.*, ¶ 9; 5 C.F.R. § 315.802(b). The record evidence shows that the appellant's prior Federal service ended more than 5 months before her probationary appointment to her current position on July 14, 2014. IAF, Tab 1 at 9-10, Tab 4 at 11. Thus, there was a break in service of more than 30 days. *See* 5 C.F.R. § 315.802(b). Additionally, it is undisputed that the agency took its action before she completed 1 year of service in the competitive service. IAF, Tab 1 at 9-10, Tab 7 at 10-11. Therefore, the appellant had not yet completed 1 year of current continuous service without a break in Federal civilian employment of a workday prior to her reduction in pay. IAF, Tab 1 at 9-10, Tab 7 at 10-11; *see Hurston*, 113 M.S.P.R. 34, ¶ 9. As the administrative judge properly found, the appellant does not satisfy the requirements of an "employee" under either prong of 5 U.S.C. § 7511(a)(1)(A). ID at 4.

¶8     The appellant contends, for the first time on review, that she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i).  PFR File, Tab 1 at 4-5.[6]  She argues that, because the agency should have converted her from a KGS to a GS position after her naturalization on April 29, 2013, she should be considered to have performed 272 days in the competitive service prior to her break in service. *Id. at* 4.  She further asserts that, because her break in service for 171 days between her most recent prior appointment and current one was to accompany her spouse in the Armed Forces who was returning to a duty station from an official assignment overseas, she has "substantially continuous service" under 5 C.F.R. § 315.201(b)(3)(x).  *Id.* at 5.  She concludes that she had over 1 year of continuous service when the agency reduced her pay rate, and thus, qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i).  *Id.*

¶9     The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  To support her arguments, the appellant submits a notarized statement with attachments from a retired agency official that she claims she was unable to obtain before the close of the record below.  PFR File, Tab 1 at 5-14.  Even assuming that she previously was unable to obtain the notarized statement below, we are not persuaded by her arguments on review.

¶10    Although the appellant is represented by her husband, he is not a legal professional and does not appear to have prior experience in Board proceedings.  IAF, Tab 4 at 44-56.  Given the appellant's lack of legal counsel, we interpret her petition for review liberally by assuming that she is arguing not only that she is

---

[6] The appellant does not challenge the administrative judge's finding that, because she was not terminated, she does not have the appeal rights available to terminated, competitive-service probationary employees under 5 C.F.R. § 315.806.  ID at 3-4 n.1. We affirm this finding.

an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i), but also that she is an employee under subsection (A)(ii) because she has more than 1 year of current continuous service. *See, e.g.*, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).  First, we find that 5 U.S.C. § 7511(a)(1)(C)(i) does not apply to the appellant because it pertains to individuals in the excepted service.  At the time of the agency's action, the appellant was an individual in the competitive service.  IAF, Tab 7 at 10-11.

¶11  Next, we find that 5 C.F.R. § 315.201(b)(3) is not relevant to whether the appellant is an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).  Rather, it excuses certain absences from the calculation of the 3-year requirement of substantially continuous creditable service for career tenure.  *See* 5 C.F.R. § 315.201(b)(3). Career tenure, in turn, is different from status as an employee with appeal rights. It is "important for the purposes of reinstatement eligibility and retention standing in a reduction in force."  Career and Career-Conditional Employment, 79 Fed. Reg. 610 (proposed Jan. 6, 2014) (to be codified at 5 C.F.R. § 315.201). Therefore, we find 5 C.F.R. § 315.201(b)(3) inapplicable to the jurisdictional issue in this appeal.

¶12  Finally, the appellant's claim that she should have been converted from a KGS to a GS position in the competitive service after becoming a U.S. citizen is not relevant to our jurisdictional determination.  PFR File, Tab 1 at 4.  Even assuming that the appellant was converted to a GS position in the competitive service after her naturalization, she still would not qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) because she had a break in service of more than 30 days.  IAF, Tab 1 at 9-10, Tab 4 at 11.  For these reasons, we find that the

appellant has failed to nonfrivolously allege that she is an "employee" with chapter 75 appeal rights.[7]

¶13   Accordingly, we decline to disturb the initial decision and find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

---

[7] Because the evidence submitted on review regarding the agency's superior qualifications and special needs pay-setting authority pertains to the merits of the appeal and is not dispositive to the relevant jurisdictional issue, we decline to discuss it further.  PFR File, Tab 1 at 11; *see* 5 C.F.R. § 531.212.

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.